CONTINENTAL INSURANCE COMPANY ET AL., APPELLANTS, *v.* FRIEDE, APPELLEE.

(No. 1357—Decided June 18, 1984.)

*Stephen Colecchi,* for appellants.
*Mark Heisa,* for appellee.

FORD, J. This is an appeal from a judgment of the Portage County Municipal Court in which the court granted judgment for defendant-appellee and dismissed the complaint.

On August 21, 1979, Cecil Nedelka, operator of a vehicle insured by the appellant, Continental Insurance Company, was travelling westbound on State Route 303. As Nedelka approached State Route 303 and Asbury Road, he encountered appellee's automobile. The appellee, Henry J. Friede, stated he had approached the intersection of State Route 303 and Asbury Road, stopped to look for oncoming traffic and seeing no automobile close to the intersection, entered it and proceeded westbound. Approximately thirty to seventy-five feet past the intersection a rear-end collision occurred between the vehicles of the appellant Nedelka and appellee.

On August 19, 1981, appellant filed suit against appellee alleging negligence on the part of the appellee. On May 3, 1983, the trial court entered summary judgment in favor of the appellee based on the conclusion that the collision did not occur in the intersection, and, therefore, the court could not find the appellee negligent. On June 2, 1983, notice of appeal was filed.

The assignment of error is as follows:

"1. The trial court erred to the prejudice of the plaintiffs-appellants by ruling as a matter of law that the defendant-appellee was not negligent since the accident did not occur within the intersection of State Route 303 and Asbury Road."

R.C. 4511.43 states in pertinent part:

"* * * After having stopped, the driver shall yield the right-of-way to any vehicle in the intersection *or approaching on another roadway so closely as to constitute an immediate hazard during the time the driver is moving across or within the intersection or junction of roadways.*" (Emphasis added.)

The record here indicates that the rear-end collision occurred approximately thirty to seventy-five feet beyond the intersection. Appellee attempts to apply an inappropriately literal and conservative interpretation to the foregoing statute. It leads to the unilateral conclusion that any and all collisions that occur beyond expressly designated, or imaginary, intersection lines are always the fault of the vehicle which strikes another vehicle in the rear, as a matter of law, even if such a collision occurs only one foot or one inch beyond that intersection.

This approach ignores the realities of speed-distance-braking coefficients. As here, the facts could well dictate that because of the nearness of the point of impact to the intersection, the appellee could well have failed to yield a required right-of-way to an "approaching [vehicle] on another roadway so closely as to constitute an immediate hazard * * *." R.C. 4511.43. It is equally insensitive to the situation where a vehicle darts from a stopped position in front of an approaching vehicle travelling within the governing speed limit which has the right-of-way; and where the actual collision occurs a short distance beyond the intersection because of the manner in which the two vehicles proceeded on that portion of the roadway. The same logic would apply to the situation where the two vehicles would be in relatively the same travelling patterns, and the vehicle approaching the stop sign fails to stop, proceeding in a continuous manner onto the other roadway.

The factual predicate in this case under the foregoing statute presents a classical situation of a factual question for the trier of fact. The trier of fact is not automatically precluded from finding the appellee negligent. The right-of-way standard expressed by R.C. 4511.43 is applicable. Appellants' assignment of error is well-taken.

We, therefore, reverse and remand for further proceedings not inconsistent with this decision.

*Judgment reversed and cause remanded.*

DAHLING, J., concurs.

COOK, P.J., not participating.